IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRICE WALKER,<br><br>      Plaintiff,<br><br>vs.<br><br>NURSE, ELLIE,<br><br>      Defendant. | CV 17-00037-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Inmate Shane Burd submitted a proposed complaint and motion to proceed in forma pauperis on behalf of another inmate–Brice Walker.  The Complaint and motion were signed by Mr. Burd, they were not signed by Mr. Walker.  Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion and other papers be signed by a party personally if the party is unrepresented.  In addition, pro se parties may not pursue claims on behalf of others in a representative capacity.  *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (a litigant appearing pro se "has no authority to represent anyone other than himself.")

      As neither the Complaint nor the motion to proceed in forma pauperis have

been signed by Mr. Walker, the motion to proceed in forma pauperis should be denied and the Complaint dismissed without prejudice.

Only Mr. Walker or an attorney on his behalf may pursue this action, it cannot be pursued by another inmate on Mr. Walker's behalf.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. The motion to proceed in forma pauperis (Doc. 1) should be DENIED.

2. The Complaint (Doc. 2) should be DISMISSED WITHOUT PREJUDICE.

3. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to serve a copy of these Findings and Recommendations upon both Brice Walker and Shane Burd at Montana State Prison.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Walker Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after

bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of March 2017.

      /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

the period would otherwise expire.